UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LAWRENCE ARTHUR, | : CIVIL ACTION NO. 3:03CV00427 (JCH) |
| Plaintiff, | : |
| v. | : |
| PERKINELMER INSTRUMENTS, | : |
| Defendant. | : |
| | : OCTOBER 30, 2003 |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

The Defendant, PERKINELMER INSTRUMENTS, now known as PerkinElmer LAS, Inc. (hereinafter referred to as "PE") file its answer and affirmative defenses to Plaintiff LAWRENCE ARTHUR's (hereinafter referred to as "Arthur" or "Plaintiff") Complaint as follows:

### JURISDICTION AND VENUE

1. Defendant admits that Plaintiff purports to bring this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, but denies that Plaintiff has asserted any valid causes of action.

2. Defendant admits that Plaintiff purports to bring this action pursuant to the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq., Conn. Gen. Stat. § 46a-60 et seq., and common law, but denies that Plaintiff has asserted any valid causes of action under those statutes or common law.

- 2 -

3.  Defendant admits that the Plaintiff seeks damages, but denies that the Plaintiff is entitled to any relief or damages.

4.  The Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.  The Defendant admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.  The Defendant admits that the Plaintiff received a release of jurisdiction from the CHRO dated December 11, 2002, but does not have sufficient knowledge or information to form a belief as to the truth of the matters asserted in the remainder of Paragraph 6 of Plaintiff's Complaint.

## PARTIES

7.  Defendant admits the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.  Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Complaint, and states that PerkinElmer Instruments, LLC merged with and into PerkinElmer LAS, Inc. (formerly known as PerkinElmer Life Sciences, Inc.), effective March 31, 2003. PerkinElmer Instruments, LLC was a Delaware limited liability company formed by EG&G, Inc. in May 1999. The headquarters of the Defendant is now 549 Albany Street, Boston, MA 02118.

9.  Defendant admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

## FACTS

- 3 -

10.     Defendant admits that Plaintiff's employment with Defendant was terminated effective March 29, 2002, but denies that Plaintiff's employment began in September 1964.

11.     Defendant admits that during Plaintiff's employment he held various positions, and that at one point, he held the position of Director of Manufacturing Engineering.

12.     Defendant admits the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.     Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint, and therefore leaves Plaintiff to his proof.

14.     Defendant is without sufficient information to form a belief as to the truth of the matters asserted in Paragraph 14 of Plaintiff's Complaint, and therefore leaves Plaintiff to his proof.

15.     Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint, and states that PerkinElmer Instruments, LLC (formerly known as PerkinElmer, LLC) was formed by EG&G, Inc. in May 1999 as a result of an acquisition.

16.     Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint, but states that EG&G changed its name to "PerkinElmer, Inc."

17.     Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.     Defendant admits the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Defendant admits that Nick Pinto assisted in coordinating the move of the company from Norwalk, Connecticut to Shelton, Connecticut, but denies the remainder of the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Defendant admits that the Plaintiff assisted in coordinating the move of the company from Norwalk, Connecticut to Shelton, Connecticut, but denies the remainder of the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendant admits that the Plaintiff assisted in coordinating the move of the company from Norwalk, Connecticut to Shelton, Connecticut, but denies the remainder of the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Defendant admits that the Plaintiff assisted in coordinating the move of the company from Norwalk, Connecticut to Shelton, Connecticut, but denies the remainder of the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendant admits that the Plaintiff assisted in coordinating the move of the company from Norwalk, Connecticut to Shelton, Connecticut, but denies the remainder of the allegations contained in Paragraph 23 of the Plaintiff's Complaint.

24. Defendant admits that the Plaintiff assisted in coordinating the move of the company from Norwalk, Connecticut to Shelton, Connecticut, but denies the remainder of the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. Defendant has insufficient knowledge or information to form a belief as to the truth of the matters asserted in Paragraph 34 of the Plaintiff's Complaint, and therefore leaves the Plaintiff to his proof.

- 6 -

35. Defendant admits that the relocation move went over budget but denies the remainder of the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. Defendant admits that Mr. Nick Pinto received recognition for his work on the move from Norwalk to Shelton, but denies the remainder of the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. Defendant admits the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. Defendant admits the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42. Defendant has insufficient knowledge or information to form a belief as to the truth of the matters asserted in Paragraph 42 of Plaintiff's Complaint, and therefore leaves the Plaintiff to his proof.

43. Defendant admits the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44a through i. Defendant admits that Plaintiff was responsible in part for developing and implementing the "5S" program, and that he performed various functions and completed various tasks in that program.

45. Defendant denies the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46. Defendant admits that it conducted a layoff in May 2001, but denies the remainder of the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47. Defendant denies the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48. Defendant admits the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49. Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters asserted in Paragraph 49 of Plaintiff's Complaint, and therefore leaves Plaintiff to his proof.

50. Defendant admits that Plaintiff received a layoff notice stating that March 29, 2002 would be his last day, the remainder of the allegations contained in Paragraph 50 of Plaintiff's Complaint are denied.

51. Defendant admits the allegations contained in Paragraph 51 of Plaintiff's Complaint.

- 8 -

52. Defendant denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53. Defendant denies the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54. Defendant has insufficient knowledge or information to form a belief as to the truth of the matters asserted in Paragraph 54 of Plaintiff's Complaint, and therefore leaves the Plaintiff to his proof.

55. Defendant denies the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56. Defendant admits the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57. Defendant denies the allegations contained in Paragraph 57 of Plaintiff's Complaint.

58. Defendant denies the allegations contained in Paragraph 58 of Plaintiff's Complaint, and states that at the time of his termination, Plaintiff's salary was $97,000.00.

**COUNT ONE:     VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, AS AMENDED DISCRIMINATION ON THE BASIS OF AGE**

Defendant repeats its responses to Paragraphs 1 through 57 of Plaintiff's Complaint and incorporates the same as if fully set forth herein.

- 9 -

59. Defendant denies the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60. Defendant denies the allegations contained in Paragraph 60 of Plaintiff's Complaint, except admits that Plaintiff's employment was terminated effective March 29, 2002.

61. Defendant denies the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62. Defendant admits that at the time of his termination, Plaintiff was 58 years old, but denies the remainder of the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63. Defendant admits that plaintiff had thirty-seven years of experience with the Defendant, but denies the remainder of the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64. Defendant denies the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65. Defendant denies the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66. Defendant denies the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67. Defendant denies the allegations contained in Paragraph 67 of Plaintiff's Complaint.

68. Defendant denies the allegations contained in Paragraph 68 of Plaintiff's Complaint.

69. Defendant denies the allegations contained in Paragraph 69 of Plaintiff's Complaint.

70. Defendant admits that it recognized Mr. Nick Pinto for his work, but denies that Mr. Pinto was recognized because he was a new, younger employee.

71. Defendant denies the allegations contained in Paragraph 71 of Plaintiff's Complaint.

72. Defendant admits the allegations contained in Paragraph 72 of Plaintiff's Complaint.

73. Defendant denies the allegations contained in Paragraph 73 of Plaintiff's Complaint.

74. Defendant admits the allegations contained in Paragraph 74 of Plaintiff's Complaint.

75. Defendant admits that the Plaintiff was not terminated during the May 2001 layoff, but denies the remainder of the allegations contained in Paragraph 75 of Plaintiff's Complaint.

76. Defendant denies the allegations contained in Paragraph 76 of Plaintiff's Complaint.

77. Defendant denies the allegations contained in Paragraph 77 of Plaintiff's Complaint.

78. Defendant has insufficient knowledge or information to form a belief as to the truth of the matters asserted in Paragraph 78 of Plaintiff's Complaint, and therefore leaves the Plaintiff to his proof.

79. Defendant admits that Plaintiff received a layoff notice stating that March 29, 2002 would be his last day; the remainder of the allegations contained in Paragraph 79 of Plaintiff's Complaint are denied.

80. Defendant admits the allegations contained in Paragraph 80 of Plaintiff's Complaint.

81. Defendant denies the allegations contained in Paragraph 81 of Plaintiff's Complaint.

82. Defendant denies the allegations contained in Paragraph 82 of Plaintiff's Complaint.

83. Defendant denies the allegations contained in Paragraph 83 of Plaintiff's Complaint.

84. Defendant denies the allegations contained in Paragraph 84 of Plaintiff's Complaint.

85. Defendant has insufficient knowledge or information to form a belief as to the truth of the matters asserted in Paragraph 85 of Plaintiff's Complaint, and therefore leaves the Plaintiff to his proof.

86. Defendant denies the allegations contained in Paragraph 86 of Plaintiff's Complaint.

87. Defendant admits the allegations contained in Paragraph 87 of Plaintiff's Complaint.

88. Defendant denies the allegations contained in Paragraph 88 of Plaintiff's Complaint.

89. Defendant denies the allegations contained in Paragraph 89 of Plaintiff's Complaint.

90. Defendant denies the allegations contained in Paragraph 90 of Plaintiff's Complaint.

91. Defendant denies the allegations contained in Paragraph 91 of Plaintiff's Complaint.

**COUNT TWO:    VIOLATION OF CONN. GEN. STAT. § 46A-60(a)(1)
                DISCRIMINATION ON THE BASIS OF AGE**

Defendant repeats its responses to Paragraphs 1 through 57 of Plaintiff's Complaint and incorporates the same as if fully set forth herein.

92. Defendant denies the allegations contained in Paragraph 92 of Plaintiff's Complaint.

93. Defendant denies the allegations contained in Paragraph 93 of Plaintiff's Complaint.

94. Defendant denies the allegations contained in Paragraph 94 of Plaintiff's Complaint.

95. Defendant admits that at the time of his termination, Plaintiff was 58 years old, but denies the remainder of the allegations contained in Paragraph 95 of Plaintiff's Complaint.

96. Defendant admits that Plaintiff had over thirty-seven years of experience with the Defendant, but denies the remainder of the allegations contained in Paragraph 96 of Plaintiff's Complaint.

97. Defendant denies the allegations contained in Paragraph 97 of Plaintiff's Complaint.

98. Defendant denies the allegations contained in Paragraph 98 of Plaintiff's Complaint.

99. Defendant denies the allegations contained in Paragraph 99 of Plaintiff's Complaint.

100. Defendant denies the allegations contained in Paragraph 100 of Plaintiff's Complaint.

101. Defendant denies the allegations contained in Paragraph 101 of Plaintiff's Complaint.

102. Defendant denies the allegations contained in Paragraph 102 of Plaintiff's Complaint.

103. Defendant admits that it recognized Nick Pinto for his work, but denies that Mr. Pinto was recognized because he was a new, younger employee.

104. Defendant denies the allegations contained in Paragraph 104 of Plaintiff's Complaint.

105. Defendant admits the allegations contained in Paragraph 105 of Plaintiff's Complaint.

106. Defendant denies the allegations contained in Paragraph 106 of Plaintiff's Complaint.

107. Defendant admits the allegations contained in Paragraph 107 of Plaintiff's Complaint.

108. Defendant admits that Plaintiff was not terminated during the May 2001 layoff, but denies the remainder of the allegations contained in Paragraph 108 of Plaintiff's Complaint.

109. Defendant denies the allegations contained in Paragraph 109 of Plaintiff's Complaint.

110. Defendant denies the allegations contained in Paragraph 110 of Plaintiff's Complaint.

111. Defendant has insufficient knowledge or information to form a belief as to the truth of the matters asserted in Paragraph 111 of Plaintiff's Complaint, and therefore leaves the Plaintiff to his proof.

112. Defendant admits that Plaintiff received a layoff notice stating that March 29, 2002 would be his last day; the remainder of the allegations contained in Paragraph 112 of Plaintiff's Complaint are denied.

113. Defendant admits the allegations contained in Paragraph 113 of Plaintiff's Complaint.

114. Defendant denies the allegations contained in Paragraph 114 of Plaintiff's Complaint.

115. Defendant denies the allegations contained in Paragraph 115 of Plaintiff's Complaint.

116. Defendant denies the allegations contained in Paragraph 116 of Plaintiff's Complaint.

117. Defendant denies the allegations contained in Paragraph 117 of Plaintiff's Complaint.

118. Defendant has insufficient knowledge or information to form a belief as to the truth of the matters asserted in Paragraph 118 of Plaintiff's Complaint, and therefore leaves the Plaintiff to his proof.