FILED

2004 FEB -6 P 12: 11

US DIST...

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LAWRENCE ARTHUR, | : | CIVIL ACTION NO. 3:03CV00427 (JCH) |
| Plaintiff, | : | |
| v. | : | |
| PERKINELMER INSTRUMENTS, | : | |
| Defendant. | : | |
| | : | FEBRUARY 5, 2004 |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE COUNTS THREE, FOUR AND FIVE OF PLAINTIFF'S COMPLAINT**

I.   **PRELIMINARY STATEMENT**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure and Rule 37(a)(2) of the Local Rules of the District of Connecticut, the Defendant, PerkinElmer Instruments, now known as PerkinElmer LAS, Inc. (hereinafter referred to as "Defendant" or "PE"), hereby files this memorandum of law in support of its motion to strike three counts of Plaintiff's Complaint. As set forth more fully below, on November 4, 2003, Plaintiff's counsel, Eugene Axelrod, was more than two hours late to his client's scheduled deposition. Not surprisingly, Defendant was unable to complete the Plaintiff's deposition on that day. Since then, Defendant diligently has sought to schedule and complete Plaintiff's deposition. To that end, Defendant has noticed Plaintiff's deposition no less than three times and has offered Attorney Axelrod ten different dates between November 4, 2003 and January 30, 2004 for the completion of Plaintiff's deposition. On every

71217068_1.DOC 070860-00040

occasion, however, Attorney Axelrod has either failed to respond to Defendant's counsel's proposed dates, has claimed to be unavailable, or, most recently, has simply failed to attend a properly noticed deposition. Given Attorney Axelrod's obstructionist conduct, Defendant has been precluded from obtaining discovery on three counts of Plaintiff's five count complaint -- breach of implied contract, negligent misrepresentation and promissory estoppel. As such, Defendant now moves for an Order from this Court striking those counts from Plaintiff's Complaint, and an Order closing the Plaintiff's deposition. In the alternative, Defendant requests that this Court issue an Order compelling Plaintiff's and his counsel's attendance at the completion of the Plaintiff's deposition.

## II.   FACTUAL BACKGROUND

In this action, Plaintiff claims he was terminated from his employment in violation of the Age Discrimination in Employment Act of 1967 and Connecticut's Fair Employment Practices Act. Plaintiff also alleges breach of an implied contract, negligent misrepresentation and promissory estoppel. Throughout this litigation, Defendant has denied all of Plaintiff's claims, and asserted that Plaintiff's position, like many others, was eliminated for legitimate business reasons, wholly unrelated to his age.

On July 25, 2003, Defendant noticed the Plaintiff's deposition for August 21, 2003 in Defendant's counsel's Hartford, Connecticut office. Due to scheduling conflicts, Defendant re-noticed Plaintiff's deposition for November 4, 2003 at 10:00 a.m., again in Defendant's counsel's Hartford office. On November 4, 2003, at 10:30 a.m. -- thirty minutes after the deposition was

scheduled to begin -- Plaintiff's counsel, Eugene Axelrod, telephoned Defendant's counsel to notify her that he would be arriving late to the deposition. Upon further inquiry, Defendant's counsel learned that Attorney Axelrod was traveling to counsel's Stamford office. Attorney Axelrod claimed to believe that the deposition was scheduled to take place in Stamford, despite the fact that his client, Lawrence Arthur, had arrived in Defendant's counsel's Hartford office on time. Because Attorney Axelrod had traveled to the wrong office, the Plaintiff's deposition did not begin until after 12:00 p.m. Given the late start of Plaintiff's deposition, Defendant was unable to complete the deposition, and counsel agreed on the record that they would complete the deposition on another date.[1]

Shortly thereafter, Defendant's counsel attempted on numerous occasions to contact Attorney Axelrod by telephone to schedule the completion of Plaintiff's deposition. Attorney Axelrod failed to return counsel's calls.

Not having success reaching Attorney Axelrod on the telephone, on November 13, 2003, Defendant's counsel wrote to Attorney Axelrod proposing two dates for the completion of Plaintiff's deposition.[2] Attorney Axelrod did not respond to counsel's letter, and on November 20,

---

[1] Specifically, Defendant was able to complete its questioning of the Plaintiff relating to his age discrimination claims (Counts One and Two). However, Defendant was unable to complete its questioning of the Plaintiff relating to his common law claims, including breach of implied contract (Count Three), promissory estoppel (Count Four), and negligent misrepresentation (Count Five).

[2] See Letter from Sarah Moore Fass to Eugene Axelrod dated November 13, 2003, attached hereto as Exhibit A.

2003, Defendant's counsel telephoned Attorney Axelrod. During that conversation, Attorney Axelrod informed Defendant's counsel that he was not available on either of the proposed dates. Defendant's counsel proposed December 30, 2003, and Attorney Axelrod stated that he believed he would be available on that day. As such, on November 20, 2003, Defendant's counsel noticed Plaintiff's deposition for December 30, 2003.[3] On December 15, 2003, Attorney Axelrod notified Defendant's counsel that he was not available for the completion of Plaintiff's deposition on December 30, 2003. Attorney Axelrod did not propose alternative dates.[4]

In its continuing effort to schedule the completion of Plaintiff's deposition, on December 22, 2003, Defendant's counsel wrote to Attorney Axelrod proposing three additional dates for the completion of Plaintiff's deposition, and requested that Attorney Axelrod advise Defendant's counsel of the date that was most convenient for him and his client.[5] The next day, on December 23, 2003, Attorney Axelrod informed Defendant's counsel that he was unable to attend the

---

[3] See Letter from Sarah Moore Fass to Eugene Axelrod dated November 20, 2003, attached hereto as Exhibit B. See also Notice of Deposition dated November 21, 2003, attached hereto as Exhibit C.

[4] See Letter from Eugene Axelrod to Sarah Moore Fass dated December 15, 2003, attached hereto as Exhibit D.

[5] See Letter from Sarah Moore Fass to Eugene Axelrod dated December 22, 2003, attached hereto as Exhibit E.

deposition on any of the dates proposed by Defendant. Again, Attorney Axelrod did not provide any alternative dates he was available.[6]

On December 29, 2003, Defendant's counsel suggested three more dates to complete the deposition of the Plaintiff. Specifically, Defendant suggested January 20, 23 or 30, 2004.[7] Defendant's counsel requested that Attorney Axelrod select one of the proposed dates by no later than January 6, 2004. Furthermore, Defendant's counsel reminded Attorney Axelrod that the discovery deadline was fast approaching, and stated, "it is imperative that we agree to a date certain to finish your client's deposition." Attorney Axelrod never responded to Defendant's letter of December 29, 2003.

In the absence of any preferred dates from Attorney Axelrod, on January 13, 2004, Defendant noticed the completion of Plaintiff's deposition for January 23, 2004.[8] On January 16, 2004, Attorney Axelrod wrote to Defendant's counsel informing her that he was unavailable for a

---

[6] See Letter from Eugene Axelrod to Sarah Moore Fass dated December 23, 2003, attached hereto as Exhibit F.

[7] See Letter from Sarah Moore Fass to Eugene Axelrod dated December 29, 2003, attached hereto as Exhibit G.

[8] See Letter from Sarah Moore Fass to Eugene Axelrod dated January 13, 2004, attached hereto as Exhibit H. See also Notice of Deposition dated January 13, 2004, attached hereto as Exhibit I.

deposition on January 23 due to a court-mandated deposition in another matter. Again, Attorney Axelrod did not suggest alternative dates.[9]

On January 21, 2004, Defendant's counsel re-noticed the completion of Plaintiff's deposition for January 30, 2004.[10] By letter, Defendant's counsel asked Attorney Axelrod to confirm his availability for this deposition by no later than Friday, January 23.[11] Despite Defendant's request, Attorney Axelrod never contacted Defendant's counsel on or prior to January 23, 2004. Accordingly, on January 27, 2004, Defendant's counsel telephoned Attorney Axelrod to confirm that he and his client would attend the properly noticed deposition scheduled for Friday, January 30. Attorney Axelrod refused to take counsel's telephone call, and Defendant's counsel left a detailed message with Attorney Axelrod's assistant. Attorney Axelrod never returned Defendant's counsel's telephone call. Two days later, on January 29, 2004, Defendant's counsel once again telephoned Attorney Axelrod to confirm the deposition for the following day. Attorney Axelrod again refused to take the telephone call. Instead, his assistant informed Defendant's counsel that Attorney Axelrod was not planning to attend the deposition scheduled

---

[9] See Letter from Eugene Axelrod to Sarah Moore Fass dated January 16, 2004, attached hereto as Exhibit J.

[10] See Notice of Deposition dated January 21, 2004, attached hereto as Exhibit K.

[11] See Letter from Sarah Moore Fass to Eugene Axelrod dated January 21, 2004, attached hereto as Exhibit L.

...

for January 30. Predictably, neither Attorney Axelrod nor his client attended the deposition on January 30, 2004.

Discovery is scheduled to close on February 9, 2004. Defendant will not seek, and will strenuously object to, an extension of the discovery deadline in this case.[12]

### III.    ARGUMENT

Federal Rule of Civil Procedure 37 provides courts with the authority to oversee the discovery process by issuing orders compelling discovery and meriting out sanctions against noncomplying parties. Rule 37(d) permits courts to redress a party's failure to attend a properly noticed deposition. Specifically, Rule 37(d) provides as follows:

> If a party . . . fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice, . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule. . . . In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

See Fed. R. Civ. P. 37(d).

---

[12] At the Rule 16 status conference held on October 1, 2003, the Court stated that it would not be inclined to extend the discovery deadline in this case.

Subdivision (b)(2) of Rule 37 grants this Court the authority to issue a wide range of sanctions against parties who fail to appear for a properly noticed deposition. In particular, courts may make an order refusing to allow the disobedient party to support designated claims. See Fed. R. Civ. P. 37(b)(2)(B). Courts are also permitted to issue an order striking out pleadings or dismissing any portion of claims or defenses pursued by the disobedient party. See Fed. R. Civ. P. 37(b)(2)(C).

Using the authority granted by Rule 37, this Court has routinely issued sanctions against parties for failing to comply with discovery orders. See Massaro v. Allingtown Fire Dist., No. 3:02cv537(PCD), 2003 U.S. Dist. LEXIS 17929 (D. Conn. Aug. 2, 2003)[13] (granting motion to compel deposition of party and issuing sanctions against party for failing to appear for noticed deposition); Ruggiero v. Waterbury Day Nursery, No. 3:99cv00083(EBB), 1999 U.S. Dist. LEXIS 18935 (D. Conn. Nov. 9, 1999) (dismissing plaintiff's claims based upon Attorney Axelrod's refusal to comply with discovery requests); J-Square Mktg., Inc. v. Sipex Corp., No. 3:97cv924(GLG), 1999 U.S. Dist. LEXIS 12395 (D. Conn. Aug. 9, 1999) (issuing sanction of dismissal of action for party's repeated discovery abuses).

More specifically, in Massaro v. Allingtown Fire Dist., 2003 U.S. Dist. LEXIS 17929, the plaintiff had scheduled the deposition of a defendant on several occasions. On two occasions, the defendant failed to appear for his deposition. The Court granted the plaintiff's motion to compel

---

[13] Copies of unreported cases cited herein are attached as Exhibit M.

the deposition of the defendant, and ordered the defendant to pay the plaintiff those reasonable attorney's fees incurred as a result of the defendant's misconduct. See Id., at *2-3.

Here, Plaintiff has engaged in obstructionist and improper conduct. First, Plaintiff has failed to appear for a duly noticed deposition. That conduct alone is sufficient for this Court to grant Defendant's motion and issue sanctions. See Fed. R. Civ. Pro. 37(d). Moreover, however, Attorney Axelrod has repeatedly failed to act in a good faith manner. Attorney Axelrod chose to ignore the majority of Defendant's counsel's letters attempting to schedule the Plaintiff's deposition -- which would have been completed in one day but for Attorney Axelrod's tardiness. Attorney Axelrod also canceled scheduled depositions on short notice, and claimed to be unavailable for the completion of Plaintiff's deposition for nearly three months. Plaintiff's counsel's conduct, and his refusal to appear for a properly noticed deposition justifies sanctions.

Our Courts have held that sanctions under Rule 37 can serve three functions. First, sanctions can ensure that a party will not benefit from its own failure to comply with the discovery rules. Messier v. Southbury Training School, No. 3:94cv1706(EBB), 1998 U.S. Dist. LEXIS 20315, at * 11 (D. Conn. Dec. 2, 1998) (citing Update Art, Inc. v. Modiin Publ'g Ltd., 843 F.2d 67, 71 (2d Cir. 1988)). Second, sanctions can constitute specific deterrents and seek to obtain compliance with either court orders or the ordinary standards of care appropriate for parties and their attorneys. Id. Third, sanctions can serve as a general deterrent in the case at hand and in other litigation. Id.

Here, Plaintiff's failure to appear at his properly noticed deposition, and his counsel's refusal to cooperate with Defendant's counsel in scheduling a deposition that should have been completed in one day, warrants sanctions. As set forth above, Defendant's counsel was able to complete its questioning of Plaintiff during the first day of his deposition relating to his allegation that his employment was terminated based upon his age. Defendant was not, however, given an opportunity to ask Plaintiff questions relating to his common law claims, including breach of implied contract, promissory estoppel and negligent misrepresentation.

Defendant has been prejudiced by the inability to conduct discovery on three of Plaintiff's five claims. First, Defendant has been precluded from utilizing the most important discovery tool available to it -- Plaintiff's own testimony -- relating to Plaintiff's common law claims. Without Plaintiff's testimony on Counts Three, Four and Five, Defendant is severely hampered in its ability to successfully move for summary judgment as to those counts. Further, even if this Court were to order Plaintiff to attend the completion of his deposition, without an extension of the discovery deadline, (which Defendant opposes) Defendant will be unable to issue further discovery requests based upon information that it may learn from Plaintiff's testimony.

It is well within this Court' authority, and well justified, to strike those counts in Plaintiff's Complaint upon which Defendant has been precluded from conducting discovery. See Fed. R. Civ. Pro. 37(d); 37(b)(2)(C) ("If a party . . . fails [] to appear before the officer who is to take the deposition, after being served with proper notice" the court may issue an order "striking out pleadings or parts thereof"); see also Ruggiero v. Waterbury Day Nursery, 1999 U.S. Dist. LEXIS

18935 (dismissing plaintiff's claims); J-Square Mktg., Inc. v. Sipex Corp., 1999 U.S. Dist. LEXIS 12395 (dismissing plaintiff's claims). Moreover, dismissal of Plaintiff's common law claims accomplishes the admirable goals of a Rule 37 sanction -- "ensur[ing] that a party will not benefit from its own failure to comply with the discovery rules . . . [requiring] the ordinary standards of care appropriate for parties and their attorneys . . . [and] serv[ing] as a general deterrent in the case at hand and in other litigation." Messier v. Southbury Training Sch., 1998 U.S. Dist. LEXIS 20315, at * 11.

Pursuant to Fed. R. Civ. Pro. 37(d), Defendant further seeks an order from this Court requiring Plaintiff to compensate Defendant for the attorney's fees it incurred as a result of Plaintiff's dilatory conduct, including attorney's fees incurred in the preparation of this motion and counsel's numerous attempts to schedule the completion of Plaintiff's deposition. See Fed. R. Civ. Pro. 37(d) ("In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.")[14]

Pursuant to Local Rule 37(a)(2), Defendant has attempted to resolve this discovery dispute in good faith prior to the filing of this motion. As set forth above, Defendant has attempted to

---

[14] An accounting of the attorney's fees incurred by Defendant in the preparation of this motion is attached as Exhibit A to the Affidavit of Sarah Moore Fass.

schedule Plaintiff's deposition on numerous occasions. (Fass Aff. ¶ 3.)[15] Further, on February 4, 2004, counsel for Defendant, Attorney Sarah Moore Fass, telephoned Attorney Axelrod to discuss this motion. (Fass Aff. ¶ 4.) Attorney Axelrod refused (once again) to take Defendant's counsel's telephone call, and has not, as of the filing of this motion, returned her call. (Fass Aff. ¶ 5.) Accordingly, pursuant to Rule 37(a)(2) of the Local Rules of this Court, Defendant attempted to confer with opposing counsel in a good faith effort to eliminate or reduce the area of controversy prior to filing this motion with the Court. (Fass Aff. ¶ 6.)

## IV.    CONCLUSION

Due to Plaintiff's flagrant violation of Federal Rule of Civil Procedure 37(d), and the resulting prejudice suffered by Defendant, Defendant requests that this Court strike Counts Three, Four and Five of the Complaint, and close Plaintiff's deposition. In the alternative, Defendant requests that this Court issue an Order compelling Plaintiff's and his counsel's attendance at the completion of the Plaintiff's deposition. Defendant also seeks reimbursement of the attorney's fees it incurred as a result of Plaintiff's improper conduct.

---

[15] "Fass Aff." refers to the Affidavit of Sarah Moore Fass which is attached hereto as Exhibit N.

Respectfully Submitted,

DEFENDANT,
PERKINELMER INSTRUMENTS, NOW
KNOWN AS PERKINELMER LAS, INC.,

By _____
Felix J. Springer (ct 05700)
Sarah Moore Fass (ct 18313)
Day, Berry & Howard LLP
One Canterbury Green
Stamford, Connecticut 06901-2047
(203) 977-7300
smfass@dbh.com
Its Attorneys

**CERTIFICATION**

THIS IS TO CERTIFY that a copy of the foregoing was mailed this 5th day of February, 2004, via first class mail, postage prepaid, to:

Eugene N. Axelrod, Esq.
The Employment Law Group
8 Lunar Drive
Woodbridge, CT  06525

_____
Sarah Moore Fass