UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LAWRENCE ARTHUR | : | CIVIL ACTION NO. |
| Plaintiff | : | 3:03CV00427 (JCH |
| | : | |
| v. | : | |
| | : | |
| PERKINELMER INSTRUMENTS | : | March 15, 2004 |
| Defendant | : | |

*[Filing stamp: United States District Court, District of Connecticut, Filed at Bridgeport, March 17, 2004, Kevin F. Rowe, Clerk, Deputy Clerk]*

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO COMPLETE DISCOVERY, NUNC PRO TUNC

**PROCEDURAL BACKGROUND**

The Plaintiff Lawrence Arthur, commenced this action on March 11, 2003 for discrimination on the basis of age in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621 *et seq.* (count one) and Connecticut General Statutes §46a-60 *et seq.* (count two), and state common law claims of breach of implied contract (count three) and promissory estoppel (count four) and negligent misrepresentation (count five). There is a pending Motion to Strike filed by the Defendant which the Plaintiff has opposed. (See attached Opposition to Defendant's Motion to Strike)

**FACTS**

On May 13, 2003, the parties submitted to the Court their Rule 26(f) report. In that report, the parties agreed that discovery would commence on or after May 15, 2003 and would be completed by February 9, 2004. On August 26, 2003, the Plaintiff sent to the Defendant his First set of Interrogatories and Requests for Production. After

3

requesting additional time, on October 17, 2003 the Defendant responded to the Interrogatories and Requests for Production. However, the Defendant objected to fifteen (15) out of eighteen (18) interrogatories and objected to fourteen (14) out of twenty-two (22) requests for production while failing to provide a Privilege Log in order for the Plaintiff to determine the propriety of many of the Defendant's claims of privilege. On November 4, 2003, the Defendant deposed the Plaintiff and it was during the course of the deposition, that it became particularly clear that the Defendant's objections were arbitrary and without merit. Even though the Plaintiff had not received many answers to the interrogatories or the requested documents or a Privilege Log, the Plaintiff agreed to proceed with the deposition. However, the extent of probative and relevant materials withheld became clear at Plaintiff's deposition. Counsel for the Defendant was unable to complete the deposition on November 4, 2003 and both sides agreed that Counsel for the Defendant would continue deposing the Plaintiff at a later date.

During the deposition, the Defendant referred to numerous documents that had been requested by the Plaintiff in his Interrogatories and Requests for Production but withheld by the Defendant.. As a result of the relevance of these documents, Attorney Axelrod wrote a lengthy letter to Counsel for the Defendant extensively setting forth Plaintiff's requirements and reasons for expected compliance with the previously requested discovery. (See Exhibit A in attached opposition to motion to strike) Plaintiff also requested that a "good faith opportunity be undertaken to resolve these issue," and that "in the interim the continued deposition of Mr. Lawrence Arthur will be held in abeyance." (See Exhibit B in attached opposition to motion to strike). As stated at length in the memorandum previously submitted in furtherance of the "Plaintiff's Opposition to

4

the Defendant's Motion to Strike," counsel for the Plaintiff made a good faith effort to resolve the discovery dispute by scheduling a telephone conference for December 2, 2003 in which to resolve the issues. The telephone call was to be initiated by Counsel for the Defendant who failed to telephone Attorney Axelrod. Instead, without prior notice or agreement, Attorney Fass unilaterally decided to telephone Attorney Axelrod on December 4, 2003 while he was engaged in other responsibilities and was unable to participate in a telephone conference. Even though in further letters Attorney Axelrod reiterated that the deposition would not continue until after the discovery dispute was resolved, Attorney Fass ignored this request and disingenuously attempted to reschedule the deposition without regard for the Plaintiff's availability or his right to receive the requested documents. Attorney Fass ignored the requirements set forth in Fed. R. Civ. P. 37(d) when she failed to first seek a court order compelling the Plaintiff to appear for deposition before filing a Motion to Strike Counts Three, Four and Five of the Plaintiff's Complaint. The Second Circuit has held that Rule 37 sanctions require a prior order by the court before a court may impose sanctions. Daval Steel Products, Div. Of Francosteel Corp. v. M/V Fakredine, 951 F.2d 1357, 1362-65 (2d Cir. 1991) ("[t]here must be a valid court order in force before sanctions may be imposed pursuant to Rule 37(b)(2)"), citing Salahuddin v. Harris, 782 F.2d 1127, 1131 (2d Cir. 1986).

**ARGUMENT**

I.  **Good cause exists for the Court to grant Plaintiff's motion.**

Fed. R. Civ. P. 16(b) states that the scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." The general rule states

5

that a court's scheduling order should not be amended. However, "in certain cases the court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment, discussion of subsection (b)). The Second Circuit applied this reasoning when they stated in Parker v. Columbia Pictures Industries, 204 F.3d 326, 340, "Where the moving party has demonstrated good cause, the court may grant leave to amend the scheduling order to extend the deadline." Parker at 340. See also, Grochowski v. Phoenix Construction, 318 F.3d 80, 86 ("The Court's scheduling order 'shall not be modified except upon a showing of good cause'" and "A finding of good cause depends on the diligence of the moving party."), Lowry v. Eastman Kodak, Co., 14 Fed. Appx. 27, 30 (Under Fed. R. Civ. P. 16(b) district court scheduling orders 'shall not be modified except upon a showing of good cause'"), Sigros v. Walt Disney World, Co., 190 F. Supp. 2d 165, 169 ("The Court may modify the scheduling order upon good cause shown."), Associated Imports, Inc. v. International Longshoremen's Assn., et. al., 1986 U.S. Dist. LEXIS 29681 (The court granted Defendant's motion for an extension of the discovery deadline after a finding that the defendant had been reasonably diligent in completing discovery and that the extension was reasonable in the circumstances of the case.)

Good cause exists for the court to grant Plaintiff's motion and extend the discovery period. As shown above, the Plaintiff has made a good faith and diligent effort to comply with the Fed. R. Civ. P. 26(f) schedule and complete all discovery by the February 9, 2004 deadline. Only, as a result of the Defendant's refusal to produce required documents or submit a privilege log is Plaintiff's counsel is now forced into the

6

position of unilaterally requesting an enlargement in order to seek these documents and to complete further depositions and discovery. The fact that the Defendant refused to produce these documents should not prejudice the Plaintiff from being able to discover all evidence helpful to his case and to depose necessary witnesses. The court should not lend support to deceptive conduct designed to circumvent the discovery practices which is part of the roots of the Federal Rules of Civil Procedure.

In sum, the Defendant has not been diligent in their conduct of discovery. They have intentionally refused to provide the Plaintiff with requested materials or a Privilege Log and instead of agreeing to an enlargement has decided to file a Motion to Strike contrary to Fed. R. Civ. P. 37(d) in that the Defendant failed to first seek a court order compelling the Plaintiff to appear for deposition. The Defendant's refusal to consent to the Plaintiff's request for an Enlargement of Time to Conduct Discovery is a disingenuous attempt to avoid liability for their own failure to comply with the rules of discovery. For this reason, the Plaintiff requests that the Court grant Plaintiff's Motion for an Enlargement of Time in which to Conduct Depositions and Obtain Discovery.

                    The Plaintiff,
                    Lawrence Arthur

                    By:_____
                    Eugene N. Axelrod, Esq.
                    The Employment Law Group, LLC
                    8 Lunar Drive
                    Woodbridge CT 06525
                    Tel: (203) 389-6526
                    Fax: (203) 389-2656
                    Fed. Bar No. ct 00309

## CERTIFICATION

This is to certify that a copy of the foregoing Motion for Enlargement to Conduct Discovery has been sent via first class mail postage pre-paid this 16th day of March 2004 to the following Counsel of Record.

Sarah Moore Fass, Esq.
Felix Springer, Esq.
Day, Berry & Howard, LLP
One Canterbury Green
Stamford, CT 06901-2047

Eugene N. Axelrod

8