# EXHIBIT

# A

Case 3:03-cv-00427-JCH    Document 29-3    Filed 03/17/2004    Page 1 of 10



# The Employment Law Group LLC
### 8 Lunar Drive
### Woodbridge, CT 06525
WWW.EMPLOYMENTLAWGROUP.COM

Eugene N. Axelrod, Esq.
Admitted in New York and Connecticut

Ph: 203.389.6526
Fx: 203.389.2656



November 10, 2003

Via: Facsimile and First Class Mail

Felix J. Springer
Sarah Moore Fass
Day, Berry & Howard LLP
One Canterbury Green
Stamford, Connecticut 06901-2047
(203) 977-7300

Re:   **Lawrence Arthur v. PerkinElmer Instruments**
      **Docket No: 3:03CV00427**

Dear Attorneys Springer and Fass,

  We have received your answers to the Plaintiff's First Set of Interrogatories and First Request for Production dated October 17, 2003.

  Out of **eighteen (18)** interrogatories, you objected, in part or in full, **fifteen (15)** interrogatories and did not fully answer **seven (7)**.

  Out of **twenty-two (22)** production requests, you objected, in part or in full, to **fourteen (14)** production requests and did not fully answer **nine (9)**.

  In addition, you have failed to Privilege Log to enable the Plaintiff to determine the propriety of your claimed withholding of discovery under claim of privilege.

  We request that supplemental responses for **seven (7)** interrogatories and all **nine (9)** production requests be received by us no later than **Monday, November 24, 2003** so that we may proceed with further discovery. We have fully answered all of the Defendant's interrogatories and production requests. It is inequitable and contrary to the liberal discovery scheme under the Practice Book for the Defendant to improperly limit the Plaintiff's discovery in relation to his claims. Failure to remedy these deficiencies will require judicial intervention to compel answers and production, consistent with the Connecticut Rules of Practice.

1

The interrogatories and requests for production that have been objected to, but do not require supplementary response have either been withdrawn by the Plaintiff, or the Defendant has yielded sufficient discovery for an acceptable response.

## I. Supplemental Responses Required

### A. Interrogatory #8

The Defendant's objection that the interrogatory is "overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence" is improper. The Plaintiff is entitled to know the requested information related to the individuals who assumed Plaintiff's responsibilities with or for the Defendant subsequent to his termination. The information requested is relevant, probative and calculated to lead to admissible evidence regarding the Plaintiff's assertions that he was discriminated against in the RIF due to his age and other factors. Despite this, Plaintiff was entirely capable of assuming other jobs in whole or in part and the Defendant made misrepresentations and breached an implied contract. Whether the information is ultimately used at trial is not the standard pursuant to Fed. R. Civ. P. 26.

The Defendant has not adequately answered the interrogatory. The interrogatory obligated disclosure of "the name, age, date of birth, department within the company and current job title of all persons performing similar tasks…that the plaintiff performed." The disclosures provided by the Defendant are incomplete in that they only provide the names of the individuals who assumed the Plaintiff's job responsibilities, but none of the additional information. A supplemental response is required to fully answer to this interrogatory.

### B. Interrogatory #9

The Defendant's objection that the interrogatory is "overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence" is improper. The Plaintiff is entitled to know the requested information regarding any and all investigations performed relative to him. The information requested is relevant, probative and calculated to lead to admissible evidence regarding the Plaintiff's assertions that he was discriminated against in the RIF due to his age and other factors, the Defendant made misrepresentations and breached an implied contract. Defendant knows that whether the information is ultimately used at trial is not the standard pursuant to Fed. R. Civ. P. 26

Furthermore, the Defendant's objection that the interrogatory would require disclosure of "information relating to every single employee of Defendant for the last eight years." is equally unfounded. The interrogatory specifically requires information regarding individuals "performing similar duties and/or responsibilities" to those of the Plaintiff prior to his termination.

In the interest of cooperation, the Plaintiff hereby agrees to limit his production request by removing the need for reference to "physical disability [and] work related injury" in the Defendant's answer and the limit of those individuals forty (40) years or older. Clearly, the issue of the company RIF procedures and process is in issue. However,

the Plaintiff requires a full response to this request while disregarding the aforementioned aspects.

### C. Interrogatory #10

As the Defendant has objected to this interrogatory "for the reasons set forth in its Objection to Interrogatory Number 9 above, Defendant objects to this Interrogatory 10" please refer to the request for supplementary response put forth by the Plaintiff in regards to Interrogatory 9.

Further, information related to the company RIF procedures, manner of choice for layoffs, procedure and processes are relevant and probative to a claim of discriminatory layoff procedure and choice.

### D. Interrogatory #11

As the Defendant has objected to this interrogatory "for the reasons set forth in its Objection to Interrogatory Number 9 and 10 above, Defendant objects to this Interrogatory 11" please refer to the request for supplementary response put forth by the plaintiff in regards to Interrogatory 9.

Further, information related to the company RIF procedures, manner of choice for layoffs, procedure and processes are relevant and probative to a claim of discriminatory layoff procedure and choice.

### E. Interrogatory #14

The Defendant's objection that the interrogatory is "overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence" is improper. The Plaintiff is entitled to know the requested information regarding individuals making or related to a complaint, disposition, settlement agreement…etc. The information requested is relevant, probative and calculated to lead to admissible evidence regarding the Plaintiff's assertions that he was discriminated against in the RIF due to his age and other factors, the Defendant made misrepresentations and breached an implied contract. Defendant knows that whether the information is ultimately used at trial is not the standard pursuant to Fed. R. Civ. P. 26.

In the interest of cooperation, the Plaintiff hereby agrees to limit his production request by removing the need for reference to "work related injury, retaliation, disability, accommodation for injury or disability" in the Defendant's answer and the limit of those individuals forty (40) years or older. Clearly, the issue of the company RIF procedures and process is in issue. However, the Plaintiff requires a full response to this request while disregarding the aforementioned aspects, specifically relevant to complaints regarding contract disputes, breaches, and age discrimination as previously requested in the original interrogatory.

### F. Interrogatory #15

3

The Defendant's objection that the interrogatory is "overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence" is improper. This interrogatory could not be more relevant, probative nor form more direct evidentiary information to plaintiff's lawsuit. Further, this information should already exist and be readily available to the Defendant and therefore is not "unduly burdensome." Plaintiff will seek sanctions should this information continue to be concealed from the Plaintiff.

Again, the Defendant risks placing itself before the court and sanctions with its continued to provide clearly relevant information to Plaintiff.

### G.    Interrogatory #17

The Defendant's objection that the interrogatory is "overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence" is improper. The Plaintiff is entitled to know the requested information regarding any and all statements obtained from any person concerning the incidents alleged in Plaintiff's complaint. The information requested is relevant, probative and calculated to lead to admissible evidence regarding the Plaintiff's assertions that he was discriminated against in the RIF due to his age and other factors, the Defendant made misrepresentations and breached an implied contract. Defendant knows that whether the information is ultimately used at trial is not the standard pursuant to Fed. R. Civ. P. 26.

The Defendant has not adequately answered the interrogatory. Whether or not the Defendant is "aware of any statements taken relating to Plaintiff's claims" is immaterial. This interrogatory obligates a full search to determine conclusively whether any such testimonies were taken. The Defendant should be able to definitively answer whether or not any relevant statements were taken under the Defendant's authority.

### H.    Request for Production #6

The Defendant's objection that the request for production is "overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence" is improper. The Plaintiff's work history and related information is completely relevant to his fitness for alternative consideration rather than termination. It is also useful in a comparative analysis of suitability for continued employment under a RIF. Defendant knows that whether the information is ultimately used at trial is not the standard pursuant to Fed. R. Civ. P. 26.

### I.    Request for Production #8

The Defendant's objection that the request for production is "overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence" is improper. This request seeks quit basic information designed to evaluate the probity of Defendant's RIF. It is clearly relevant, probative and material in nature. Defendant knows that whether the information is ultimately used at trial is not the standard pursuant to Fed. R. Civ. P. 26.

**J.    Request for Production #12**

The Defendant's objection that the request for production is "overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence" is improper. The Plaintiff is entitled to the requested documentation regarding any and all investigations performed relative to him. The documents requested are relevant, probative and calculated to lead to admissible evidence regarding the Plaintiff's assertions that he was discriminated against in the RIF due to his age and other factors, the Defendant made misrepresentations and breached an implied contract. The Defendant knows that whether the information is ultimately used at trial is not the standard pursuant to Fed. R. Civ. P. 26.

The Defendant's further objection that the request for production "seeks documents protected by the attorney-client privilege or the work product doctrine" is unfounded. The Defendants' have failed to file a privilege log to determine the propriety of your claimed withholding of discovery under claim of privilege, obviating this objection.

**K.    Request for Production #13**

The Defendant's objection that the request for production is "overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence" is improper. The Plaintiff is entitled to the requested documentation and recordings concerning this action or its subject matter. The documents requested are relevant, probative and calculated to lead to admissible evidence regarding the Plaintiff's assertions that he was discriminated against in the RIF due to his age and other factors, the Defendant made misrepresentations and breached an implied contract. The Defendant knows that whether the information is ultimately used at trial is not the standard pursuant to Fed. R. Civ. P. 26.

The Defendant's further objection that the request for production "seeks documents protected by the attorney-client privilege or the work product doctrine" is unfounded. The Defendants' have failed to file a privilege log to determine the propriety of your claimed withholding of discovery under claim of privilege, obviating this objection.

**L.    Request for Production #14**

The Defendant's objection that the request for production is "overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence" is improper. The Plaintiff is entitled to the requested documents concerning the Plaintiff's employment, termination, resignation or separation from the company. The documents requested are relevant, probative and calculated to lead to admissible evidence regarding the Plaintiff's assertions that he was discriminated in the RIF due to his age and other factors, the Defendant made misrepresentations and breached an implied contract. The Defendant knows that whether the information is ultimately used at trial is not the standard pursuant to Fed. R. Civ. P. 26.

The Defendant's further objection that the request for production "seeks documents protected by the attorney-client privilege or the work product doctrine" is unfounded. The Defendants' have failed to file a privilege log to determine the propriety of your claimed withholding of discovery under claim of privilege, obviating this objection.

### M.   Request for Production #19

See response to Defendant's objection(s) and answer to Interrogatory #9.

### N.   Request for Production #20

See response to Defendant's objection(s) and answer to Interrogatory #10.

### O.   Request for Production #20

The Defendant's objection that the request for production is "overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence" is improper. However, Plaintiff will modify this request to the year 1995 and thereafter. The manner, mode, procedure and program(s) used to determine candidates for RIF as well as those who retain jobs or are transferred to jobs after their previous position has been eliminated is relevant, probative and material to this case. The Defendant knows that whether the information is ultimately used at trial is not the standard pursuant to Fed. R. Civ. P. 26.

### P.   Request for Production #22

The Defendant's objection that the request for production is "overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence" is improper. The Plaintiff is entitled to the requested information related to the job descriptions and salaries, wage and bonuses for positions and jobs in the Plaintiff's department and at the defendant company from 1995 through the present as part of a determination of the procedures and rationale used by the company resulting in termination rather than transfer. The documents requested are relevant, probative and calculated to lead to admissible evidence regarding the Plaintiff's assertions that he was discriminated against due to his age, the Defendant made misrepresentations and breached an implied contract. The Defendant knows that whether the information is ultimately used at trial is not the standard pursuant to Fed. R. Civ. P. 26.

As a further reminder, this office has not received a Privilege Log as required by the Practice Book.

Please note that in the event a Privilege Log is not furnished and the above disputes are not satisfactorily resolved on or before **Monday, November 24, 2003** the Plaintiff will have no alternative to seek the assistance of the Court. Thank you for your anticipated cooperation.

6

Very truly yours,

*Eugene N. Axelrod*

# EXHIBIT

# B

# The Employment Law Group llc

8 Lunar Drive
Woodbridge, CT 06525
www.EmploymentLawGroup.com

Connecticut & New York

Tel: 203.389.6526
Fax: 203.389.2656

Via: Facsimile & First Class Mail

November 10, 2003



Sara Moore Fass, Esq.
Day, Berry, & Howard, LLP
One Canterbury Green
Stamford CT 06901

Re: **Lawrence Arthur v. PerkinElmer Instruments**
**Civil Action No. 3:03CV00427 (JCH)**

Dear Attorney Fass,

I should like to take this opportunity to discuss the status of this case. This office received your answers and responses to plaintiffs' interrogatories and production dated as of October 17, 2003. Unfortunately, many of the responses consist of refusals to provide entirely appropriate discovery, contain serious deficiencies in the materials produced and other artful forms of nondisclosure all effecting the fundamental ability of my client to obtain and review information crucial to his case coupled with the failure to provide a required Privilege Log.

Kindly also note that the unnecessary withholding of requested, appropriate documentation by the defendant was an unnecessary hindrance to my client during the first six hours of deposition of Mr. Arthur on November 4, 2003. This day I have sent via facsimile and first class mail an appropriate listing with explanation of the required discovery in compliance with our professional responsibility to first engage in the resolution of discovery resolution disputes. I suggest that every good faith opportunity be undertaken to resolve these issues. In the interim the continued disposition of Mr Lawrence Arthur will be held in abeyance. While regrettable, this office shall have no alternative other than to await appropriate discovery while engaging in actions to safeguard the rights of Mr. Arthur should this prove necessary prior his continued deposition.

I look forward to your cooperation.

Sincerely,
The Employment Law Group, LLC

Eugene N. Axelrod, Esq.

M:Cases/Arthur/Correspondence/ltr to Fass re continued deposition initial disclosures