UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LAWRENCE ARTHUR, | : | CIVIL ACTION NO. |
| | : | 3:03CV00427 (JCH) |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| PERKINELMER INSTRUMENTS, | : | |
| | : | |
| Defendant. | : | |
| | : | MARCH 24, 2004 |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO STRIKE COUNTS THREE, FOUR AND FIVE OF PLAINTIFF'S COMPLAINT**

Defendant, PerkinElmer Instruments, now known as PerkinElmer LAS, Inc. ("PE" or "Defendant"), by and through its attorneys, Day, Berry & Howard LLP, respectfully files this reply brief in support of its motion to strike counts three, four and five of Plaintiff's complaint.

*A.     Preliminary Statement.*

Presumably because he lacks a meritorious response, Plaintiff's primary rebuttal to Defendant's motion to strike is that Defendant failed to produce a privilege log. (See Plt.'s Opp'n. at 10-13.) Plaintiff's response is both inaccurate and inapposite. Plaintiff's attempt to distract this Court from the real issue before it -- his failure to attend a duly noticed deposition -- is transparent.

Defendant was (and remains) unable to produce a privilege log. Plaintiff's counsel repeatedly has refused to discuss his overly broad requests for production and Defendant's objections thereto. As written, Plaintiff's document requests seek the production of literally

hundreds of documents clearly protected by the attorney-client privilege. Despite Defendant's counsel's repeated invitations, Plaintiff's counsel refused to discuss the narrowing of his discovery requests so that Defendant could produce a privilege log. Plaintiff has neglected to pursue these discovery issues until after the close of discovery, and after Defendant filed the instant motion to strike. Plaintiff's post hoc concern for a privilege log is disingenuous, at best.

### B.   *Defendant Does Not Have "Unclean Hands".*

On October 17, 2003, Defendant served its responses and objections to Plaintiff's discovery requests, producing more than 400 documents.[1] Defendant objected to three of Plaintiff's twenty-two document requests based upon the attorney-client privilege and/or work product doctrine (collectively referred to as "the privilege"). For example, Request No. 13 sought the production of "any and all written or oral statements . . . concerning this action or subject matter." Defendant objected to that request based upon the privilege because the request arguably sought the production of the hundreds of pages of documents and correspondence written by and between counsel relating to this lawsuit. Additionally, Request No. 14 sought the production of "any and all . . . notes . . . prepared by the defendant, or its employees, agents or servants, concerning the plaintiff's employment, termination, resignation or separation from the company." Again, Defendant objected based upon the privilege because the request sought the production of every single document created by counsel since the inception of this lawsuit. Because these

---

[1]   See Defendant's responses and objections to Plaintiff's discovery requests, attached hereto as Exhibit A.

requests, as written, were overly broad, a responsive privilege log would list hundreds, and possibly thousands, of documents. As such, Defendant sought on several occasions to discuss narrowing these requests so that it could create an appropriate privilege log.

To that end, after receiving letters from Attorney Axelrod on November 10, 2003 requesting a privilege log, on November 11, 2003, Defendant's counsel telephoned Plaintiff's counsel.[2] Plaintiff's counsel was not available that day and Defendant's counsel left a message. (Fass Aff., ¶ 4.)[3] After not hearing back from Plaintiff's counsel, two days later, Defendant's counsel wrote to Plaintiff again offering to discuss Plaintiff's discovery issues, including limiting the requests so that Defendant could produce a privilege log.[4] (Fass Aff., ¶ 5.) On November 20, 2003, Defendant wrote to Plaintiff's counsel confirming that the parties had scheduled a telephone call regarding Plaintiff's discovery objections for December 2, 2003.[5] (Fass Aff., ¶ 6.) On December 1, 2003, Defendant's counsel telephoned Plaintiff's counsel, and both parties agreed to reschedule the telephone call to December 4 at 4:00.[6] (Fass Aff., ¶ 7.) As agreed, on December 4,

---

[2]  See November 11, 2003 telephone records, attached hereto as Exhibit B. Defendant's counsel's telephone number is (203) 389-2991.

[3]  "Fass Aff." refers to the Affidavit of Sarah Moore Fass dated March 24, 2004, attached hereto as Exhibit C.

[4]  See November 13, 2003 letter attached hereto as Exhibit D.

[5]  See November 20, 2003 letter attached hereto as Exhibit E.

[6]  See December 1, 2003 telephone records, attached hereto as Exhibit F. In his Opposition, Plaintiff boldly asserts that "law firm records show that Attorney Fass never called"

2003 at 4:00, Defendant's counsel's office telephoned Plaintiff's counsel, and was informed that Plaintiff's counsel was unavailable for the planned telephone call.[7]  (Fass Aff., ¶ 7.)  On December 12, 2003, Defendant's counsel wrote to Plaintiff's counsel again offering to discuss Plaintiff's discovery disputes, and to narrow the requests so that a privilege log could be produced.[8]  (Fass Aff., ¶ 8.)

Despite Defendant's counsel's repeated invitations, Plaintiff's counsel refused to discuss his discovery disputes, making it all but impossible for Defendant to prepare an appropriate privilege log.  These alleged discovery issues belong to the Plaintiff and it is his obligation to pursue their resolution.  Defendant certainly complied with its obligation to "meet and confer" in an effort to resolve Plaintiff's discovery issues.  Plaintiff cannot in good conscience now argue that Defendant has "unclean hands" because it failed to produce a privilege log when Plaintiff's

---

on December 2.  (See Plt.'s Opp'n. at 5.)  Defendant's counsel did not call on that day because the telephone conference was rescheduled, with the consent and agreement of Plaintiff's counsel, to December 4, 2003.

[7]  See December 4, 2003 telephone records, attached hereto as Exhibit G.

[8]  See December 12, 2003 letter regarding Plaintiff's counsel's failure to participate in scheduled telephone call and offering to discuss discovery disputes, attached hereto as Exhibit H.  In his Opposition, Plaintiff claims that "prior to February 9, 2004" he left two messages for Defendant's counsel "to discuss discovery and an enlargement of the discovery deadline but did not receive any form of return message or correspondence."  (See Plt.'s Opp'n. at 10.)  This is simply not true.  Not surprisingly, Attorney Axelrod does not provide this Court with the dates he telephoned Defendant's counsel, nor does he support his factual assertions with an affidavit.  Defendant's counsel promptly returned the very few telephone calls Attorney Axelrod made during the course of this litigation.  (Fass Aff., ¶ 9.)

counsel's conduct was the sole cause of that failure.  See Franco v. Yale Univ., No. 03-7060, 2003 U.S. App. LEXIS 23405, at *8 (2d Cir. Nov. 17, 2003)[9] (upholding district court's denial of plaintiff's motion to compel a privilege log where plaintiff's claims were unclear and plaintiff failed to articulate relevance of requested documents).

Even if Defendant had been lackadaisical in responding to Plaintiff's request for a privilege log, which it was not, none of the cases cited by Plaintiff support the proposition that failure to produce a privilege log bars that party from pursuing discovery sanctions.  Specifically, in Land Ocean Logistics, Inc. v. Aqua Gulf Corp., 181 F.R.D. 229 (W.D.N.Y. 1998), a case cited by Plaintiff, the Court granted a party's motion to compel documents despite the fact that the moving party had failed to produce a privilege log.  Id., 242.  Additionally, in Smith v. Conway Organization, Inc., 154 F.R.D. 73 (S.D.N.Y. 1994), the court held that the plaintiff waived the attorney work product privilege because he "failed timely to object to the Document Requests." Id., 76.  Nowhere in Smith does the Court even discuss the failure to produce a privilege log.

Plaintiff's argument that Defendant's motion to strike should be denied because Defendant failed to produce a privilege log is untenable, both on the facts and the law.  Plaintiff's counsel's conduct was the cause of his failure to obtain a privilege log, and he cannot now seek refuge in his own inattention to this matter.

---

[9] Unreported cases cited herein are attached as Exhibit I.

### C.  Fed. R. Civ. P. 37(d) Provides this Court with the Authority to Impose a Discovery Sanction in this Matter.

In his Opposition, Plaintiff claims that this Court is not empowered to issue a sanction for his failure to attend a duly noticed deposition in the absence of a violation of a prior Court order. (See Plt.'s Opp'n. at 13.)  Plaintiff is simply wrong.

Fed. R. Civ. P. 37(d) is clear on its face that:

> If a party . . . fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice, . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule.

See Fed. R. Civ. P. 37(d).

Thus, under Fed. R. Civ. P. 37(d), this Court can impose any sanction authorized by Fed. R. Civ. P. 37(a), (b) and (c) for a party's failure to appear at a properly noticed deposition without a violation of a prior court order.  See Phibro Energy, Inc. v. Empresa De Polimeros De Sines Sarl, 1989 U.S. Dist. LEXIS 6050, at *4 (S.D.N.Y. June 1, 1989) ("As plaintiff correctly argues, Rule 37(d) does not require noncompliance with a court order before preclusion may be imposed."); Szilvassy v. U.S., 82 F.R.D. 752, 755 (S.D.N.Y. 1979) ("Rule 37(d) does not require noncompliance with a court order before the sanctions under subsection (b)(2)(A)-(C) may be imposed.")

### D. Striking Counts Three, Four and Five of Plaintiff's Complaint Is The Proper Remedy For Counsel's Conduct.

In his Opposition, Plaintiff argues that the remedy sought by Defendant for his failure to attend a deposition is too drastic. (See Plt.'s Opp'n. at 13-15.) Striking those counts of the Complaint upon which Defendant has been precluded from conducting discovery, however, is the proper remedy for the prejudice suffered by Defendant.

Plaintiff's counsel was more than two hours late to his client's first scheduled deposition. Since that time, Defendant diligently sought to schedule and complete the Plaintiff's deposition. Defendant noticed Plaintiff's deposition on three separate occasions, and offered Plaintiff's counsel *ten* different dates between November 4, 2003 and January 30, 2004 for the completion of Plaintiff's deposition. On every occasion, Attorney Axelrod either failed to respond to Defendant's counsel's proposed dates, claimed to be unavailable, or simply failed to attend a properly noticed deposition. Attorney Axelrod's conduct in this case can only be characterized as obstructionist. As a result of Plaintiff's counsel's behavior, Defendant has been precluded from obtaining discovery on three counts of Plaintiff's five count complaint, and has been prejudiced. The appropriate remedy for this prejudice is to prohibit Plaintiff from pursuing those causes of action upon which Defendant has been precluded from conducting discovery.

In his Opposition, Attorney Axelrod offers this Court numerous excuses for his behavior. Plaintiff's counsel's excuses range from the flu to court commitments to an emergency root canal. (See Plt.'s Opp'n. at 6-10.) Ironically, one such excuse offered by Plaintiff's counsel is an order

from Judge Dorsey compelling Attorney Axelrod to attend the depositions of plaintiffs in a separate matter. In that order, Judge Dorsey confirmed that Plaintiff's counsel's conduct in this case is not at all novel. Judge Dorsey noted that the defendants had "attempted to contact Plaintiff on several occasions in order to schedule a date for the continued deposition. Plaintiff apparently never provided any dates." (See Plt.'s Opp'n. at Ex. L.) Judge Dorsey's Order does not excuse Plaintiff's counsel's conduct in this matter, but simply serves as evidence of a pattern of discovery abuses on the part of Attorney Axelrod.

The Second Circuit recently articulated its intolerance of counsel's repeated failure to comply with the Federal Rules of Civil Procedure. See Amnesty America v. Town of West Hartford, No. 03-7332, 2004 U.S. App. LEXIS 4788, at * 53-54 (2d Cir. March 15, 2004). In that case, the Second Circuit stated, "Williams is now on notice that his continued failure to comply with Rule 28 or any other of the Rules of Appellate Procedure will result in discipline, up to and including suspension or disbarment from practice before this Court . . . While this Court has so far refrained from disciplining Williams, the sheer number of cases in which his unprofessional conduct has been cited indicates that judicial expressions of disapproval alone have not succeeded in convincing him to alter his behavior." Id.

### *E.   Conclusion.*

Due to Plaintiff's flagrant violation of Federal Rule of Civil Procedure 37(d), and the resulting prejudice suffered by Defendant, Defendant requests that this Court grant its motion and strike counts three, four and five of the Complaint, and close Plaintiff's deposition. In the

alternative, Defendant requests that this Court issue an order compelling Plaintiff's and his counsel's attendance at the completion of the Plaintiff's deposition. Defendant also seeks reimbursement of the attorneys' fees it incurred as a result of Plaintiff's improper conduct.[10]

        Respectfully Submitted,

        DEFENDANT,
        PERKINELMER INSTRUMENTS, NOW
        KNOWN AS PERKINELMER LAS, INC.,


By _____
    Felix J. Springer (ct 05700)
    Sarah Moore Fass (ct 18313)
    Day, Berry & Howard LLP
    One Canterbury Green
    Stamford, Connecticut 06901-2047
    (203) 977-7300
    smfass@dbh.com
    Its Attorneys

---

[10] The additional attorneys' fees incurred by Defendant in the preparation of this reply brief are set forth at Tab 1 to the Affidavit of Sarah Moore Fass.

## **CERTIFICATION**

    THIS IS TO CERTIFY that a copy of the foregoing was mailed this 24th day of March, 2004, via first class mail, postage prepaid, to:

Eugene N. Axelrod, Esq.
The Employment Law Group
8 Lunar Drive
Woodbridge, CT  06525

                                                              _____

                                                                   Sarah Moore Fass