## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

LAWRENCE ARTHUR,

                            Plaintiff,

v.

PERKINELMER INSTRUMENTS,

                            Defendant.

:    CIVIL ACTION NO. 3:03CV00427 (JCH)
:
:
:
:
:
:
:    OCTOBER 17, 2003

### DEFENDANT PERKINELMER INSTRUMENTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION

Defendant, PerkinElmer Instruments, now known as PerkinElmer LAS, Inc. ("PE" or "Defendant"), hereby submits its objections and responses to Plaintiff's First Set of Interrogatories and Request for Production as follows:

### INSTRUCTIONS

In answering these Interrogatories and Production Requests furnish all information available to you, including information in the possession of your attorneys, their investigators, or any person acting on your behalf, and not merely such information as is known of your own personal knowledge. If you cannot answer any part of these Interrogatories in full after exercising due diligence to secure the information requested, so state and answer the remainder as fully as

possible, stating whatever information or knowledge you have concerning the unanswered or partially answered portion.

These Interrogatories and Production Requests are to be considered to be continuing; you are requested to provide, by way of supplementary answers, such additional information as you or any person acting on your behalf may obtain which will augment or modify your initial answers. Such supplementary responses are to be served upon the Plaintiff within thirty (30) days of the receipt of such information.

As used herein, the following terms shall have the meanings indicated below;

A.    The words "Defendant" and "you" or "your" shall be deemed synonymous and shall be deemed to include any and all agents, servants, employees, attorneys and other representatives of the Defendant.

B.    "Person" means natural person, corporation, partnership, sole proprietorship, union, association, federation, and any other kind of entity.

C.    "Document" means any printed, typewritten, handwritten, or otherwise recorded matter of whatever character, including without limitation, letters, minutes, purchase orders, bills, memoranda, telegrams, notes, catalogues, brochures, diaries, reports, calendars, interoffice communications, statements, announcements, photographs, tape recordings, motion pictures, and any carbon or photographic copies of any such material if Defendant does not have custody or control of the originals.

In responding to these Interrogatories and Production Requests, please comply with the following instructions:

a.    In each question wherein you are asked to "identify" a person, state with respect to such person his or her (a) name, (b) last-known home address and telephone number, (c) last-known business address and telephone number, (d) last-known employer, together with said employer's address, and (e) said person's relationship to you.

b.    In each question wherein you are asked to "identify" any documents, state with respect to each such document: (a) its date, (b) the person originating it, (c) its current location, (d) the person in whose possession or under whose control the document is and the relationship of said person to the you.

c.    If any document requested to be produced was, but is no longer in the Defendant's possession or control, or is no longer in existence, state:

1.    whether it is: (a) missing or lost, (b) destroyed, (c) transferred voluntarily or involuntarily to others and, if so, to whom, or (d) otherwise disposed of; and

2.    with respect to each such document and disposition, (a) explain the circumstances surrounding an authorization for such disposition and the approximate date thereof, and (b) state any information available to you which might be helpful in locating originals or copies of the document in question.

d.    If you assert any privilege with respect to any document, with respect to each such document: (1) identify it, (2) state the basis for the claim of privilege, (3) describe fully the circumstances of the document's origin, and (4) describe fully the circumstances of the document's disposition, including identifying all persons whom you believe have or may have seen it or become acquainted with its contents.

## OBJECTION:

Defendant objects to the Plaintiff's instructions and definitions on the grounds that they would expand the interrogatories and document requests to seek information and documents that are not relevant, and that, after such expansion, they are not reasonably calculated to lead to the discovery of admissible evidence. Further, the burden and expense of responding to the Plaintiff's interrogatories and requests based on the foregoing definitions outweighs the likely benefit of such responses. Without waiving those objections, Defendant has provided below information and documents that are responsive to the Plaintiff's interrogatories and requests for production.

## GENERAL OBJECTIONS TO INTERROGATORIES AND REQUESTS

1.    Defendant objects to these interrogatories and document requests to the extent they seek information and/or documents protected from discovery by the attorney-client privilege, work product doctrine and/or any other applicable privilege.

- 4 -

## INTERROGATORIES

**QUESTION:**

1.    State the name, address, position and department within the defendant company of each and every person by name and title who assisted in preparing the answers to these Interrogatories.

**ANSWER:**

With the assistance of undersigned counsel, Karen Anderson, Human Resources Generalist, 710 Bridgeport Avenue, Shelton, CT 06484, prepared these responses.

**QUESTION:**

2.    State the name, address, position and department within the defendant company of each and every person whom you believe has knowledge of any facts relating to the plaintiff's allegations and/or the defendant's answer and defenses to the plaintiff's allegations in the complaint and give a detailed description of the knowledge possessed by each individual.

**OBJECTION:**

The Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence. Further, it is improper to seek a "detailed description of the knowledge possessed by each individual". Such information is only appropriately sought from the individual witnesses by way of a deposition.

- 6 -

**ANSWER:**

Subject to and without waiving the above stated objection, Defendant believes the following individuals, among others, have information relating to Plaintiff's claim and Defendant's defenses:

    (a)   John Vitale. Mr. Vitale's last known address is 30 Hazelwood Lane, Stamford, CT 06905 and his telephone number is 203-968-9794. Mr. Vitale's former position was Human Resources Global Functional Leader in the Human Resources Department. Mr. Vitale may have knowledge regarding the facts and circumstances surrounding Plaintiff's employment with Defendant, his termination, and the claims at issue in Plaintiff's Complaint.

    (b)   Maurice "Dusty" H. Tenney, III. Mr. Tenney's work address is 710 Bridgeport Avenue, Shelton, CT 06484, and his work telephone number is 203-925-4600. Mr. Tenney's current position is Vice President, Worldwide Manufacturing Operations in the Operations Department. Mr. Tenney may have knowledge regarding the facts and circumstances surrounding Plaintiff's employment with Defendant, including the claims at issue in Plaintiff's Complaint.

    (c)   Patrick Rousseau. Mr. Rosseau's work address is 710 Bridgeport Avenue, Shelton, CT 06484, and his work telephone number is 203-925-4600. Mr. Rousseau's current position is Director of Shelton Operations in the Operations Department. Mr. Rousseau may have

knowledge regarding the facts and circumstances surrounding Plaintiff's employment with

Defendant, including the claims at issue in Plaintiff's Complaint.

**QUESTION:**

3.    State the name, address, position and department within the defendant company of each and every person whom you intend to call as a witness at the trial of this matter, and state with particularity the nature and description of the testimony to be given by each witness and the facts underlying and/or supporting such testimony.

**OBJECTION:**

The Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly

burdensome and not likely to lead to the discovery of admissible evidence. Further, because the

parties have just begun discovery, it is not possible at this time to identify each and every witness

Defendant is likely to call at trial. By answering this Interrogatory, Defendant reserves the right to

call other individuals not identified in the response below as witnesses in any trial of this case.

Further, it is improper to seek "with particularity the nature and description of the testimony to be

given by each witness and the facts underlying and/or supporting such testimony." Such

information is only appropriately sought from the individual witnesses by way of a deposition.

**ANSWER:**

Subject to and without waiving the above stated objection, Defendant anticipates that it

would call the Plaintiff, John Vitale, Patrick Rousseau and Dusty Tenney, among others, as

witnesses in the trial of this case.

**QUESTION:**

4.    State the names and addresses of any and all experts contracted and/or retained by you for purpose of this litigation and for each such expert, please state his/her area of expertise, the subject matter, substance of all facts, and substance of all opinions, and a summary of the grounds on which each opinion is based; and state whether each expert witness is expected to testify at trial of this action.

**ANSWER:**

Defendant has not yet identified an expert, but will do so pursuant to the parties' scheduling order.

**QUESTION:**

5.    State the name, age, date of birth, department within the company and current job title of all person(s) assuming part or all of the tasks, duties and responsibilities that the plaintiff performed at the time of his termination/separation from the defendant company; and, state the dates that each such person assumed such tasks, duties and responsibilities; and, state the foregoing for the period from plaintiff's termination/separation to the present time.

**OBJECTION:**

The Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence.

**ANSWER:**

Subject to and without waiving the above stated objection, the following individuals assumed part of the Plaintiff's job responsibilities subsequent to Plaintiff's termination. Due to the nature of the Plaintiff's job duties, his tasks were not categorically given to any one employee.

- 9 -

Rather, all of Plaintiff's various job duties were absorbed in various degrees by the individuals listed below. Thus, it is not possible for Defendant to specifically identify each task assumed by each individual.

| Name | Date of Birth | Current Job Title | Department |
|------|---------------|-------------------|------------|
| Patrick Rousseau | 3/9/56 | Director of Operations (Shelton) | Operations |
| John Widomski | 3/13/50 | Mgr. Manufacturing | Operations |
| Robert Coppola | 1/29/51 | Mgr. Manufacturing | Operations |
| Ralph Dioguardi | 3/7/70 | Global Training Ldr. | WW Service Training |
| Jeanne Raccio | 5/15/51 | Supervisor, Production | Operations |
| Vincent Luzietti | 3/12/40 | Supervisor, Production | Operations |
| Alan Mezes | 3/5/47 | Supervisor, Production | Operations |

## QUESTION:

6.     State the value and cost (to plaintiff and defendant) as of the date of termination/separation from the defendant of the plaintiff's retirement, pension, 401k, medical insurance, dental insurance, life insurance, disability insurance or other benefit received by the plaintiff and show the formula/calculation for arriving at each figure.

**OBJECTION**:

Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence. Further, Defendant does not maintain specific information relating to the precise value of each benefit for each individual employee. Documents relating to the benefits Defendant provides to it employees are produced herewith.

**RESPONSE**:

Subject to and without waiving the above stated objection, generally an employee's health and wellness benefits average between 15-20% of the employee's salary.

**QUESTION**:

7.    As to any investigation or inquiry conducted by the defendant, its agent, servant, employee, contractor, including investigation/inquiry by attorney(s) regarding Plaintiff's claims and Defendant's defenses and claims in this matter, state:

a.    The date, nature and purpose of any such investigation;

b.    Whether any record, report or writing was made of it, and if so the date of such;

c.    The name, address and telephone number of the person(s) and agency, company or organization conducting the investigation; and

d.    A description of the subject matter, results and findings of any such investigation.

e.     The names, address and telephone number of any person, agency, company or organization spoken to relative to the aforementioned investigation/inquiry.

**OBJECTION:**

The Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence. Further, this Interrogatory seeks information protected by the attorney-client privilege and the work product doctrine.

**ANSWER:**

No non-privileged investigation was conducted relating to Plaintiff's allegations or Defendant's defenses.

**QUESTION:**

8.     State the name, age, date of birth, department within the company and current job title of all persons performing similar tasks, duties and responsibilities that the plaintiff performed at the time of his termination/separation from the defendant company.

**OBJECTION:**

The Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence.

**ANSWER:**

Subject to and without waiving the above stated objection, as set forth above, Ralph Dioguardi, John Widomski, Robert Coppola, Patrick Rousseau, Jeanne Raccio, Vincent Luzietti and Alan Mezes, among others, assumed the Plaintiff's job responsibilities subsequent to

- 12 -

Plaintiff's termination. Due to the nature of the Plaintiff's specific job duties, no other employee is currently performing Plaintiff's tasks, and no other employee has been hired by Defendant to perform the specific job duties Plaintiff performed. Plaintiff's position was eliminated and it continues to be eliminated.

**QUESTION:**

9.    Identify all reports, summaries, surveys, statistical analysis or other document detailing some or all of the following information; the age and date of birth, physical disability, work related injury and position of those employees who transferred jobs, promoted, demoted, laid off, fired or otherwise terminated or retired, from 1995 through the present performing similar duties and/or responsibilities.

**OBJECTION:**

The Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence. Specifically, Plaintiff essentially seeks information relating to every single employee of Defendant for the last eight years. The vast majority of Defendant's more than 500 employees have been "transferred [], promoted, demoted, laid off, fired or otherwise terminated or retired" within the last eight years. Listing every one of their names and ages is unduly burdensome and is not likely to lead to the discovery of admissible evidence. Further, providing information related to every employee's "physical disability [and] work related injury" would certainly not lead to the discovery as admissible evidence because the Plaintiff does not allege disability discrimination and he did not suffer a work related injury.

**QUESTION:**

10.    For each such report, summary, survey, statistical analysis or other document referred to in the response to Interrogatory No. 9, identify the name, address, telephone number of any municipal, state, federal or other governmental agency to which any one or more document containing some or all of the information referred to in No. 9 was sent and the date(s) sent.

**OBJECTION:**

For the reasons set forth in its Objection to Interrogatory Number 9 above, Defendant objects to this Interrogatory 10.

**QUESTION:**

11.    For each such report, summary, survey, statistical analysis referred to in Interrogatories 9 and 10, identify the name and location of the person, department and other business unit within the defendant company, or outside contractor, business or entity that maintains and possesses said report, summary, survey, or analysis.

**OBJECTION:**

For the reasons set forth in its Objection to Interrogatory Numbers 9 and 10 above, Defendant objects to this Interrogatory 11.

**QUESTION:**

12.    State the title(s) and date(s) of all employee handbook(s), manual(s) and publication(s), and modifications or amendments thereto, published by the defendant from 1994 through the present.

- 14 -

**OBJECTION:**

The Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence.

**ANSWER:**

Subject to and without waiving the above stated objection, Defendant published an employee handbook on October 4, 2000, entitled "PerkinElmer Employee Handbook, U.S. Operations." Defendant published an updated employee handbook in January 2003 entitled "PerkinElmer Employee Handbook, U.S. Operations."

**QUESTION:**

13.     State the title(s) and date(s) of all handbook(s), manual(s) and publication(s) and modifications and amendments thereto for use and reference by the supervisory and management personnel of the defendant from 1994 through present.

**OBJECTION:**

The Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence.

**ANSWER:**

Subject to and without waiving the above stated objection, Defendant maintains the following handbooks for its supervisory or management personnel:

PerkinElmer Employee Handbook, U.S. Operations, dated December, 2000

PerkinElmer Employee Handbook, U.S. Operations, dated January, 2003

PerkinElmer's Leadership and Organization Review Process (LOR), undated

Leadership and Organization Review (LOR) Manager's Guidebook, undated

**QUESTION:**

14.    State each name of the person(s), date filed and title of those individuals making or related to a complaint, disposition, settlement agreement, severance agreement, verdict, or award relative to issues/claims of (work related injury, retaliation, disability, accommodation for injury or disability and/or contract) and state the nature, substance, or said complaint/claim and date of award, verdict or settlement, for the period 1995 through the present.

**OBJECTION:**

The Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence. Specifically, Plaintiff's complaint alleges age discrimination and a host of common law claims. He does not allege any claims related to any "work related injury, retaliation, disability, accommodation for injury or disability" in his complaint and therefore, information relating to others who may have made such claims is irrelevant, and certainly not likely to lead to the discovery of admissible information.

- 16 -

Further, Defendant objects to this Interrogatory in that it seeks information covering the last eight

years.

**QUESTION:**

15.     State the following for all the allegations contained in the complaint or defendant's
claims and defenses to the plaintiff's allegations in the complaint:

a.     State the name, title and nature of every document which in any way relates
to or concerns the above mentioned allegations/claims/defenses;

b.     State the name, address, department within the defendant company and job
title of every person who has knowledge of any facts which relate to or concern the allegations in
the complaint and the defendant's claims/defenses;

c.     With respect to any person identified in response to subparagraphs (a) or (b)
of this Interrogatory, set forth in detail, and separately for each person, the precise facts which said
person has knowledge and the source of said knowledge; and

d.     Identify all oral conversations or communications (including the name and
address of all participant(s) therein and the dates thereof) which relate in any way to the allegations
in the complaint and the defendant's claims/defenses.

**OBJECTION:**

The Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly

burdensome and not likely to lead to the discovery of admissible evidence.

**ANSWER:**

Subject to and without waiving the above stated objection, Defendant responds as follows:

a.     Documents relating to the Plaintiff's claims and Defendant's defenses were

produced in Defendant's 26(a) initial disclosures and are produced herewith.

b.     Please <u>see</u> Answers and Objections to Interrogatories 2 and 5 above.

c.     Please <u>see</u> Answers and Objections to Interrogatories 2 and 5 above.

d.     Defendant is unable to respond to this portion of Interrogatory15 as it is overbroad, vague, not limited as to time, and unduly burdensome.

## QUESTION:

16.     State whether you contend that any record, document or tangible item requested in the plaintiff's production request of this date, supra, or concerning the plaintiff's allegations and defendant's claims/defenses has been lost, misplaced, modified, altered or destroyed, and if so, state:

a.     the nature, date and substance of the record, document or tangible item;

b.     the nature and date of the change, alteration or modification;

c.     the date of losing, misplacement or destruction;

d.     the name, department and job title of the person(s) in possession of and/or responsible for said record, document or tangible item.

## OBJECTION:

The Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence.

## ANSWER:

Subject to and without waiving the above stated objection, Defendant is not aware of any lost, destroyed or misplaced documents concerning the Plaintiff's claims.

- 18 -

**QUESTION:**

17.    State whether you have obtained a statement from any person concerning the incidents alleged in plaintiff's complaint or defendant's answer, claims and defenses.  If so, please state:

a.    Name and address of the person who gave the statement, and date said statement was obtained;

b.    If written, whether signed by the person making said statement;

c.    If oral, the name and address of person who obtained the statement and the date said statement was obtained;

d.    The nature and substance of each such statements.

**OBJECTION:**

The Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence.

**ANSWER:**

Subject to and without waiving the above stated objection, Defendant is not aware of any statements taken relating to Plaintiff's claims.

**QUESTION:**

18.    State whether the Defendant maintains insurance for liability concerning discrimination of employees, breach of contract, wrongful discharge/termination or other matter related to the plaintiffs claims and allegations in this matter.

If so, please state:

      a.     the name and address of the insurance carrier;

      b.     the scope, type and purpose of coverage; and

      c.     the policy limits.

**ANSWER:**

Defendant does not currently maintain insurance liability coverage for Plaintiff's claims.

## **REQUESTS FOR PRODUCTION**

**REQUEST:**

    1.     Copies of the plaintiff's personnel file.

**RESPONSE:**

    Responsive documents have been previously produced to Plaintiff.

**REQUEST:**

    2.     Any and all documents (see definition of "document" in the preceding instructions) reflecting that the plaintiff was terminated or resigned and the reasons for his termination, resignation or separation from defendant company.

**RESPONSE:**

    Responsive documents have been previously produced to Plaintiff.

**REQUEST:**

    3.     Any and all documents reflecting the plaintiff's job title and description, pay rate, and salary prior to his termination or resignation from employment at the defendant company.

**RESPONSE:**

    Responsive documents have been previously produced to Plaintiff.

**REQUEST:**

4.    Any and all memos, notes, letters, correspondence, e-mail or other document regarding advertisement(s) and posting(s) prior and subsequent to plaintiff's termination and both internal and external to the company relative to the plaintiff's position.

**RESPONSE:**

No responsive documents exist.

**REQUEST:**

5.    Any and all memos, notes, letters, correspondence, e-mail or other document regarding the assignment and placement, transfer or hire of any employee of the defendant or other person for the tasks, duties and responsibilities, or a portion thereof, of the Plaintiff's position upon his termination or separation from the company.

**OBJECTION:**

The Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence.

**RESPONSE:**

Subject to and without waiving the above stated objection, no responsive documents.

**REQUEST:**

6.    Any and all memos, notes, letters, correspondence, e-mail or other document relative to the job descriptions of all jobs, positions and titles held by the plaintiff while employed at the defendant company and the corresponding salaries and salary increases for each such job, position and title.

**OBJECTION**:

The Defendant objects to this Request on the grounds that it is overly broad, unduly

burdensome and not likely to lead to the discovery of admissible evidence.

**RESPONSE**:

Subject to and without waiving the above stated objection, Defendant does not maintain job

descriptions for Plaintiff's position.

**REQUEST**:

7.    Any and all manuals, booklets, pamphlets, memos, letters, correspondence, e-mail,
seminar material or other document relating to training and education of the management and
supervisory personnel.

**OBJECTION**:

The Defendant objects to this Request on the grounds that it is overly broad, unduly

burdensome and not likely to lead to the discovery of admissible evidence.

**RESPONSE**:

Subject to and without waiving the above stated objection, to the extent responsive

documents exist, they are produced herewith.

**REQUEST:**

8.    Any and all manuals, handbooks, memos, letters, correspondence, e-mail or other document describing the practices, policies, procedures and goals of the department, unit, team or group within the defendant company in which the plaintiff was a member; and also those documents describing the practices, policies, procedures and goals of the plaintiff's position within the defendant company.

**OBJECTION:**

The Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence.

**RESPONSE:**

Subject to and without waiving the above stated objection, to the extent responsive documents exist, they are produced herewith.

**REQUEST:**

9.    Any and all memos, letters, correspondence, e-mail or other document relating to performance evaluations of the plaintiff during his employment at the defendant company.

**RESPONSE:**

Responsive documents have been previously produced.

**REQUEST:**

10.    Any and all memos, letters, correspondence, e-mail or other document relating to a description of the policy, procedure or system used by the defendant to evaluate the performance of its employees during the time that the plaintiff was employed by the defendant.

- 24 -

**OBJECTION:**

The Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence.

**RESPONSE:**

Subject to and without waiving the above stated objection, to the extent responsive documents exist, they are produced herewith.

**REQUEST:**

11.    Any and all letters, notes, memos, reports, evaluations or opinions of experts retained by the defendant relative to any of the issues involved in this case.

**OBJECTION:**

The Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence.

**RESPONSE:**

Subject to and without waiving the above-stated objection, Defendant has not yet selected an expert witness.

**REQUEST:**

12.    Any and all letters, notes, memos, correspondence, or reports related to investigation(s) and/or inquiries conducted relative to the plaintiff and the name(s) of those entities and persons conducting such investigation/inquiry.

**OBJECTION:**

Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, irrelevant, immaterial and not likely to lead to the discovery of admissible evidence. Further, Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

**RESPONSE:**

No non-privileged documents exist.

**REQUEST:**

13.    Any and all written or oral statements or stenographic, mechanical, electrical, or other recording or transcription thereof made by an person, including any party to this case concerning this action or its subject matter.

**OBJECTION:**

The Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence. Further, Defendant

- 26 -

objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

**RESPONSE:**

No non-privileged documents exist.

**REQUEST:**

14.    Any and all diaries, logs, notes, journals or other stenographic, mechanical, electronic or other recording prepared by the defendant, or its employees, agents or servants, concerning the plaintiff's employment, termination, resignation or separation from the company.

**OBJECTION:**

The Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence. Further, Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

**RESPONSE:**

No non-privileged documents exist.

**REQUEST:**

15.    Any and all handbooks, pamphlets, booklets, memos, correspondence, e-mail, audio recordings, visual recordings, or other materials outlining rules, regulations, policies or guidelines to be followed by employees, management and other personnel employed by the defendant, including said materials that may be for supervisory or management personnel only for the period that the plaintiff was employed at the defendant company through the present.

**OBJECTION:**

The Defendant objects to this Request on the grounds that it is overly broad, unduly

burdensome and not likely to lead to the discovery of admissible evidence.

**RESPONSE:**

Subject to and without waiving the above stated objection, responsive documents are

produced herewith.

**REQUEST:**

16.    Any and all handbooks, pamphlets, booklets, memos, correspondence, e-mail, audio
recordings, visual recordings, or other materials outlining rules, regulations, policies or guidelines
to be followed by employees, management and other personnel of the defendant in making hiring
decisions for new employees as well as existing employees who apply for lateral, higher or any
other position other than their current position within the company, for the period that the plaintiff
was employed at defendant company through the present.

**OBJECTION:**

The Defendant objects to this Request on the grounds that it is overly broad, unduly

burdensome and not likely to lead to the discovery of admissible evidence.

**RESPONSE:**

Subject to and without waiving the above stated objection, responsive documents are

produced herewith.

- 28 -

**REQUEST:**

17.    Any and all memos, notes, correspondence, e-mails, pamphlets, brochures or other documents detailing the benefits provided to the plaintiff including but not limited to health insurance, life insurance, pension, retirement, savings plans, profit sharing, stock plans, stock options, vacation, sick days, personal days or other fringe benefit as of the date of the plaintiff's separation for the defendant company.

**RESPONSE:**

Responsive documents are produced herewith.

**REQUEST:**

18.    All documents detailing and summarizing of the total value of any and all retirement, pension, stock, savings or other benefit accrued by the plaintiff or that the plaintiff received or had a vested interest in as of the date of termination/separation from the defendant company and as of the present day, and also, documents showing and detailing the formula and calculation of any of said benefits that the plaintiff received as of the date of plaintiff's termination from the defendant company.

**RESPONSE:**

To the extent responsive documents exist, they are produced herewith.

**REQUEST:**

19.    Any and all memos, notes, correspondence, reports, summaries, surveys, statistical analysis or other document detailing the name of all employees of the defendant who moved, transferred, were promoted from one position to another within the company from 1995 through the present and any and all documents relating to the title, description, salary and any other description detailing the position to which said employee moved, transferred, promoted or demoted to within the company.

- 29 -

**OBJECTION:**

The Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence. Specifically, Plaintiff essentially seeks documents relating to nearly every employee of Defendant for the last <u>eight</u> years. The vast majority of Defendant's more than 500 employees have been "moved, transferred, promoted or demoted" within the last eight years. Providing documents relative to each employee's employment action is unduly burdensome and is not likely to lead to the discovery of admissible evidence. Further, Defendant objects to this Request on the ground that providing the requested documents violates the privacy rights of those individuals as provided in the Connecticut Personnel File Act, Conn. Gen. Stat. §31-128a <u>et seq</u>.

**REQUEST:**

20.    Any and all memos, notes, correspondence, reports, summaries, surveys, statistical analysis or other document provided to a state, federal or other governmental agency detailing a reduction in force at the defendant company, for the period that the plaintiff was employed by the defendant and through the present.

**OBJECTION:**

The Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence.

**RESPONSE:**

Subject to and without waiving the above stated objection, no responsive documents exist.

**REQUEST:**

21.     Any and all postings, advertisements, notices, flyers, e-mails or other document (internal or external) advertising, publicizing and offering the opening in the plaintiff's position prior or subsequent to the plaintiff's termination or separation from the defendant's company.

**OBJECTION:**

The Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence.  Further, Defendant objects to this Request because it is not properly limited as to time.

**RESPONSE:**

Subject to and without waiving the above stated objection, no responsive documents exist.

**REQUEST:**

22.     Any and all memos, letters, correspondence, e-mail or other document relating to the job descriptions and salaries, wage and bonus for all positions and jobs in the plaintiff's department and at the defendant company from 1995 through the present.

**OBJECTION:**

The Defendant objects to this Request on the grounds that it is overly broad, unduly

burdensome and not likely to lead to the discovery of admissible evidence.

Respectfully submitted,

DEFENDANT,
PERKINELMER INSTRUMENTS, NOW
KNOWN AS PERKINELMER LAS, INC.,

By _____

Felix J. Springer (ct 05700)
Sarah Moore Fass (ct 18313)
Day, Berry & Howard LLP
One Canterbury Green
Stamford, Connecticut 06901-2047
(203) 977-7300
Its Attorneys

- 32 -

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed this 17th day of October, 2003, via regular mail, to:

Eugene N. Axelrod, Esq.
Employment Law Group
8 Lunar Drive
Woodbridge, CT  06525

Sarah Moore Fass

## VERIFICATION

The signature of the affiant that appears below certifies that he/she has read the foregoing answers, responses, objections, and/or other defenses, abatements, or bars set forth herein above and that the signatory is acting for and on behalf of the Defendant and within the capacity stated above and further, that to the best of his/her knowledge, information and belief, formed after reasonable inquiry, the above responses, objections, and/or defenses are well grounded in fact and are warranted by existing law or a good faith argument for extension and/or modification the same; and that the same is not interposed for any improper and/or dilatory purpose.

By: _Karen Anderson_
Karen Anderson

Date: _October 16, 2003_

STATE OF CONNECTICUT)
) ss:
COUNTY OF fairfield )

Subscribed and sworn before me
this 16th day of October 2003

_[signature]_
Notary Public